IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL JOHNSON (#R69258), | ) | |
| | ) | |
| Petitioner, | ) | Case No. 21 C 3622 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| BRITTANY GREENE, Warden, Western Illinois Correctional Center, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se petitioner Michael Johnson filed the present petition for a writ of habeas corpus under 28 U.S.C. § 2254(d)(1). Before the Court is Respondent's motion to dismiss Johnson's habeas petition under 28 U.S.C. § 2244(d)(1). For the following reasons, the Court grants Respondent's motion and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Background**

Johnson does not present clear and convincing evidence challenging the statement of facts in the last state court decisions addressing his arguments on the merits, and thus the Court presumes those facts are correct for purposes of habeas review. *See* 28 U.S.C. § 2254(e)(1); *Goodloe v. Brannon*, 4 F.4th 445, 447 (7th Cir. 2021). The Court therefore adopts the underlying facts as set forth by the Illinois Appellate Court on direct and post-conviction appeal.

In 2008, a Circuit Court of Cook County jury found Johnson guilty of first degree murder with a firearm, after which the Circuit Court sentenced him to 75 years in prison. The victim, Adam Schultz, was a police informant. Evidence at trial revealed that Johnson acted as a hitman for a purported drug dealer, Marc Norfleet, and shot Schultz in a Chicago alley on December 14, 2001. The Illinois Appellate Court affirmed Johnson's conviction on December 30, 2010, and the Illinois

Supreme Court denied his petition for leave to appeal ("PLA") on May 25, 2011. Johnson did not file a petition for certiorari to the United States Supreme Court.

Ten months later, on March 1, 2012, Johnson filed a pro se post-conviction petition under the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et. seq.* The Circuit Court denied Johnson's post-conviction petition on May 31, 2012, and the Illinois Appellate Court affirmed the denial on December 26, 2019. On May 27, 2020, the Illinois Supreme Court denied Johnson's post-conviction PLA.

Johnson then filed the present pro se habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). He placed his petition into Western Illinois Correctional Center's institutional mail system on June 11, 2021, and the petition was docketed on July 8, 2021.

**Legal Standard**

"AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus." *Wall v. Kholi*, 562 U.S. 545, 550, 131 S.Ct. 1278, 179 L.Ed. 252 (2011). The one-year period runs from the latest of four specified dates: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). These provisions relate to events that trigger the running of the statute of limitations. *See Holland v. Florida,* 560 U.S. 631, 647, 130 S.Ct. 2549, 177 L.Ed. 2d 130 (2010).

**Discussion**

As a starting point in determining whether Johnson's habeas petition is timely, the Court turns to the date upon which Johnson's conviction became final under 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Gonzalez v. Thaler*, 564 U.S. 134, 149, 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012). Johnson's conviction became final on August 23, 2011, which was his deadline for filing a certiorari petition to the United States Supreme Court. *Mayberry v. Dittmann*, 904 F.3d 525, 528 (7th Cir. 2018) (if petitioner does not file a petition for writ of certiorari, "conviction became 'final' for purposes of habeas review when the time for filing a certiorari petition expired 90 days later.").

Johnson then filed his post-conviction on March 1, 2012. As such, the one-year limitations period ran for 191 days until he filed his post-conviction petition, which tolls the limitations period. *Perry v. Brown*, 950 F.3d 410, 412 (7th Cir. 2020); 28 U.S.C. § 2244(d)(2). The limitations period remained tolled until May 27, 2020, when the Illinois Supreme Court denied Johnson's post-conviction PLA. At that point, Johnson had 174 days left of the one-year limitations period, or until November 17, 2020, to file a timely habeas petition with the Court. Johnson put his habeas petition in the prison mail system on June 11, 2021. Accordingly, Johnson's habeas petition is untimely unless he can establish equitable or statutory tolling.

Federal courts only apply equitable tolling if extraordinary circumstances beyond a petitioner's control prevented the timely filing of his habeas petition. *Holland,* 560 U.S. at 645. A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance prevented timely filing. *Perry v. Brown*, 950 F.3d 410, 412 (7th Cir. 2020).

Construing his pro se habeas filings liberally, *see Grzegorczyk v. United States*, 997 F.3d 743, 748 (7th Cir. 2021), Johnson maintains that his limited access to the law library due to the Covid-19

3

pandemic supports equitable tolling. He explains that during Covid-19, the Western Illinois Correctional Center has allowed only 15 minute visits to the law library, which includes the storage section containing inmate's legal materials. It is well-settled that an inmate's limited access to the prison law library is not an extraordinary circumstance supporting equitable tolling. *Ademiju v. United States*, 999 F.3d 474, 478 (7th Cir. 2021). Moreover, even if the Court were to conclude that the pandemic changes this standard, Johnson must also show that he had been pursuing his rights diligently. *Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021). Although Johnson states that he "has always been applying his due diligence to comply with the law," his conclusory allegations of due diligence are insufficient. *See Mayberry*, 904 F.3d at 531. Moreover, Johnson did file his petition during the Covid-19 pandemic amid the ongoing restrictions to the law library, although it was seven months late.

Although Johnson does not raise the issue of statutory tolling, the Court addresses the statutory tolling provisions under 28 U.S.C. § 2244(d) for the sake of completeness. One statutory tolling provision includes the situation where a state-created impediment prevents a petitioner from filing a habeas petition. *See Turner v. Brown*, 845 F.3d 294, 297 (7th Cir. 2017). The "[l]ack of library access can, in principle, be an 'impediment' to the filing of a collateral attack." *Estremera v. United States*, 724 F.3d 773, 776 (7th Cir. 2013). Here, Johnson did have access to the law library, although it was limited due to the pandemic. Further, he fails to explain how his limited access to the law library prevented him from filing his petition on or before November 20, 2020 nor does he address why he waited over six months to file his post-conviction petition after his conviction became final in August 2011. Meanwhile, Johnson had personal knowledge of the facts giving rise to his habeas claims regardless of his limited access to the law library, and thus could have filed his petition without access to the law library. While limited access may have affected the content in his habeas

4

petition, it did not prevent him from filing a petition before November 2020. As such, the statutory tolling provisions do not apply.

*Certificate of Appealability*

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). Johnson is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336. Under this standard, he must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

As the Seventh Circuit has held "[w]hether a given petition is timely is a question under § 2244, not under the Constitution, and therefore an error in treating a collateral attack as untimely is not enough to support a certificate of appealability." *Owens v. Boyd,* 235 F.3d 356, 358 (7th Cir. 2000) (collecting cases); *see also Young v. United States,* 523 F.3d 717, 718 (7th Cir. 2008) (per curiam). The Court therefore declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Conclusion**

For these reasons, the Court grants Respondent's motion to dismiss Johnson's habeas petition as untimely under 28 U.S.C. § 2244(d)(1) and dismisses this action in its entirety. The Court further declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Date: 10/22/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge